NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5103

ELAINE LEONARDO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED:  January 11, 2006

---

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

## DECISION

Elaine Leonardo appeals the final decision of the United States Court of Federal Claims in her suit against the United States government for breach of a bailment contract.  In its decision, which followed a trial, the court held that Ms. Leonardo had failed to establish the existence of a contract with the government.  Leonardo v. United States, 63 Fed. Cl. 552, 554 & 579 (2005).  In addition, the court found that, even assuming the existence of a bailment contract, Ms. Leonardo had failed to establish that

the government was legally responsible for causing the loss of her property and therefore breached the contract. Id. at 579. The court therefore ordered entry of judgment in favor of the government and dismissal of Ms. Leonardo's complaint. We affirm.

## DISCUSSION

### I.

Ms. Leonardo is a professional artist. Following the exhibition of some of her work at the American Cultural Center in Brussels, Belgium, in November of 1990, Jan Van Kerkhove, an employee of the facility, agreed to retain the artwork in storage at the Center. Approximately six years later, in December of 1996, a bulldozer operator performing renovations for the Cultural Center's landlord destroyed the artwork while demolishing the portion of the building where it was stored.

In November of 2001, Ms. Leonardo filed suit in the Court of Federal Claims. In her suit, she alleged that she entered into a bailment contract with the government relating to her artwork and that the government breached the contract when it negligently allowed the artwork to be destroyed. Following a one-day trial, the Court of Federal Claims issued a lengthy decision in which it thoroughly considered the parties' contentions and the issues in the case. Leonardo, 63 Fed. Cl. 552. As noted above, the court held that Ms. Leonardo had failed to establish the existence of a bailment contract with the government. Id. at 579. On that point, the court found that, although Mr. Kerkhove did agree to retain Ms. Leonardo's artwork in storage, he did not have either express or implied authority to enter into contracts on behalf of the government without the approval of his supervisor, Mary Ann Ignatius. Id. at 557-59. Critically, the

court determined that Ms. Leonardo failed to carry her burden of establishing that Ms. Ignatius or any other individual with contracting authority ratified her agreement with Mr. Kerkhove. Id. at 560-70. As noted above, the court also found that, even assuming the existence of a bailment contract, Ms. Leonardo had failed to carry her burden of establishing that the government was legally responsible for causing the loss of her artwork. Id. at 570-79.

## II.

We have jurisdiction over Ms. Leonardo's appeal pursuant to 28 U.S.C. § 1295(a)(3). Following a trial, we review the factual findings of the Court of Federal Claims for clear error and its legal conclusions de novo. Am. Pelagic Fishing Co., L.P. v. United States, 379 F.3d 1363, 1371 (Fed. Cir. 2004). On appeal, Ms. Leonardo broadly, but without specific citation to relevant errors in law or fact, attacks the decision of the Court of Federal Claims. She simply argues that the court erred because she had a bailment contract with the government and that her artwork was negligently or intentionally destroyed or stolen, breaching that contract.

Contrary to Ms. Leonardo's assertions, we see no error in the decision of the Court of Federal Claims that Ms. Leonardo failed to establish the existence of a bailment contract with the government relating to the storage of her artwork at the Cultural Center. After a trial, the Court of Federal Claims made credibility determinations and factual findings. The court found that Ms. Leonardo was not a credible witness on the issue of ratification, and that there was no other evidence to support her assertion that Ms. Ignatius or any other individual with contracting authority

ratified any agreement with Mr. Kerkhove. Ms. Leonardo has not provided us with any basis for disturbing the court's factual findings.

Neither is the decision of the Court of Federal Claims tainted by legal error. As this court recognized in Harbert/Lummus Agrifuels Projects v. United States, ratification must be based on a demonstrated acceptance of a contract. 142 F.3d 1429, 1433-34 (Fed. Cir. 1998) (finding that even if the government officer did have the authority to enter into a contract, it did not ratify the contract because there was no acceptance of the contract). Based on the facts of this case, there was no such ratification of any contract between Ms. Leonardo and Mr. Kerkhove.

Because the Court of Federal Claims did not err in ruling that Ms. Leonardo failed to establish the existence of a bailment contract with the government, it is not necessary for us to address the issue of whether the government was legally responsible for the loss of Ms. Leonardo's artwork.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

Each party shall bear its own costs.